In the Matter of the Judicial Settlement of the Account in the Estate of EDGAR E. GREEN, Deceased. ELLA L. ELDREDGE and FLORA C. MORRELL, Administratrices, Respondents; MARY GREEN, Individually and as Administratrix of the Estate of LEROY GREEN, Deceased, and GENEVIEVE E. GREEN, Appellants.— Two separate claims were presented to the administratrices of the estate of Edgar E. Green, deceased, and were rejected: (1) That of Genevieve Green was based on an alleged contract with the decedent that if she would pay into his hands a certain amount of her earnings to be saved he would duplicate or add to such savings an equal amount up to $3,000; and that she did give him $2,427.61. Decedent died without paying any part of this sum. There was evidence supporting this agreement and that decedent had at one time prepared a will in which he had provided for payment, but he died without making payment and the will could not be found. (2) The claim of Mary Green, individually and as administratrix of the estate of her husband, Leroy Green, who predeceased the decedent Edgar E. Green, was based on an alleged contract that if she and her husband would give up their home and employment in Bridgeport and come back to Southampton and take care of decedent the rest of his life he would give them his home. They in fact did come to his home about 1907, lived with him, took care of him and made improvements on the property, which they paid for. Edgar E. Green died on January 14, 1933, at the age of eighty years or more. There was some evidence that he had made a will carrying out this alleged contract, but that will could not be found after his funeral. His heirs at law and next of kin are two sisters who rarely if ever visited him, and his visits to them were infrequent. There was little evidence to contradict these claims. No findings were made by the surrogate, although such findings might have been helpful. (See Matter of Hopson, 213 App. Div. 395.) The decision merely states: " In view of the rule that claims against estates must be established by clear and most convincing evidence, an application of that rule to the evidence and circumstances of this case convinces me that the claims of said Genevieve E. Green and Mary L. Green should be denied. Same are dismissed without costs." These claims have apparent merit. In view of the fact that the surrogate saw and heard the witnesses, we accept the decision and decree in so far as it determines that there was no specific contract between Genevieve and the decedent based on a consideration that decedent should add an equal sum to her savings; but if she actually gave money into his hands she is at least entitled

to have any sum so found returned to her, with interest. As to the claim of Mary Green, she would have been better advised to have brought an action in the nature of specific performance in the Supreme Court, where there is larger jurisdiction to give relief than in the Surrogate's Court and where specific findings of fact would be made. There is evidence, apparently entitled to credit, and not disputed, that such an agreement was made. She is entitled to have the claim for services and the improvements made on the property passed upon at least on the basis of *quantum meruit*. Decree of the Surrogate's Court of Suffolk county affirmed in so far as it determines that there was no valid contract between Genevieve Green and decedent in respect to the latter's agreement to add a sum to the savings she made. In all other respects the decree is reversed on the facts and the matter remitted to the surrogate to determine whether or not Genevieve Green is entitled to recover any sum from the estate for savings given into the hands of decedent; and to determine whether or not Mary Green is entitled to receive compensation for services rendered by herself and her husband to the decedent and for the improvements they made to the property on the theory that it was to become theirs on the death of the decedent, and in what amount. The decision and decree are against the weight of evidence in these respects. Costs may abide the event of the new hearing. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.